UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

ERNEST SAXON,

                              Plaintiff,

                                                                      DECISION AND ORDER

                                                                        05-CV-6336L

                            v.

ATTICA MEDICAL DEPARTMENT,
SUPERINTENDENT JAMES T. CONWAY,
DR. JOSE DEPERIO,
DR. JOHN BAUERS,

                              Defendants.
_____

## INTRODUCTION

Plaintiff Ernest Saxon, appearing *pro se*, commenced this action under 42 U.S.C. § 1983. Plaintiff, an inmate in the custody of the New York State Department of Correctional Services ("DOCS"), alleges that his rights under the Eighth Amendment to the United States Constitution have been violated through deliberate indifference to his serious medical needs during his confinement at Attica Correctional Facility ("Attica"). The gist of plaintiff's claim is that he suffers from lupus, that he was prescribed certain medications by DOCS physicians, and that despite plaintiff's repeated requests and complaints to various staff members and officials at Attica, he has

not been provided with those medications. Plaintiff seeks compensatory and punitive damages for these alleged constitutional violations.

Defendant James Conway, who at all relevant times was the Superintendent of Attica, has moved to dismiss plaintiff's claims against him pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, on the ground that the complaint does not allege sufficient facts to establish Conway's personal involvement in the alleged deprivation of plaintiff's constitutional rights. Plaintiff has not responded to the motion.[1]

## DISCUSSION

### I. Plaintiff's Failure to Respond to Defendant's Motion

The Court of Appeals for the Second Circuit has held with respect to a motion for judgment on the pleadings pursuant to Rule 12(c) that "[w]here ... the pleadings are themselves sufficient to withstand dismissal, a failure to respond to a 12(c) motion cannot constitute 'default' justifying dismissal of the complaint." *Maggette v. Dalsheim*, 709 F.2d 800, 802 (2d Cir. 1983). The court has also held that "[t]he same principle is applicable to a motion pursuant to Fed.R.Civ.P. 12(b)(6) to dismiss an action on the basis of the complaint alone." *McCall v. Pataki*, 232 F.3d 321, 322 (2d Cir. 2000). The court stated in *McCall* that "[i]f a complaint is sufficient to state a claim on which relief can be granted, the plaintiff's failure to respond to a Rule 12(b)(6) motion does not warrant

---

[1] Plaintiff has filed a motion for appointment of counsel (Dkt. #9), which does not reference Conway's motion to dismiss. Plaintiff's motion is denied, as plaintiff has not shown that appointment of counsel is warranted at this time. *See Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997); *Hodge v. Police Officers*, 802 F.2d 58 (2d Cir. 1986); *Tindal v. Goord*, No. 04-CV-6312, 2006 WL 2990460, at *4 (W.D.N.Y. Oct. 19, 2006).

dismissal." *Id.* at 323.  Accordingly, I will proceed to consider the sufficiency of the complaint, notwithstanding plaintiff's failure to respond to defendant's motion.

**II. Personal Involvement of Defendant Conway**

A plaintiff asserting a § 1983 claim against a supervisory official in his individual capacity must show that the supervisor was personally involved in the alleged constitutional deprivation. *Gaston v. Coughlin*, 249 F.3d 156, 164 (2d Cir. 2001); *Johnson v. Newburgh Enlarged Sch. Dist.*, 239 F.3d 246, 254 (2d Cir. 2001).  "[M]ere 'linkage in the prison chain of command' is insufficient to implicate a state commissioner of corrections or a prison superintendent in a § 1983 claim." *Richardson v. Goord*, 347 F.3d 431, 435 (2d Cir. 2003) (quoting *Ayers v. Coughlin*, 780 F.2d 205, 210 (2d Cir. 1985)); *see also Colon v. Coughlin*, 58 F.3d 865, 874 (2d Cir. 1995) ("The bare fact that [the defendant] occupies a high position in the New York prison hierarchy is insufficient to sustain [plaintiff's] claim").  Rather, personal involvement may be shown by evidence that the defendant: (1) participated directly in the alleged constitutional violation; (2) after being informed of the violation through a report or appeal, failed to remedy the wrong; (3) created a policy or custom under which unconstitutional practices occurred, or allowed such a policy or custom to continue; (4) was grossly negligent in supervising subordinates who committed the wrongful acts; or (5) exhibited deliberate indifference to others' rights by failing to act on information indicating that unconstitutional acts were occurring.  *Colon*, 58 F.3d at 873; *Williams v. Smith*, 781 F.2d 319, 323-24 (2d Cir. 1986).

The complaint here alleges that "[p]laintiff has filed several grievances to the Superintendent and informed him that no prescribed medications has [sic] been given to plaintiff and that this

problem has been ongoing for more than two years and the Superintendent has done nothing to assist plaintiff has lost his eyesight." Complaint at iv. Plaintiff has attached copies of his grievances to the complaint, along with copies of decisions by Conway denying those grievances. Dkt. #1-2.[2]

There is authority from within this circuit that "a supervisor's mere denial of a grievance is insufficient to establish personal involvement ... ." *McClenton v. Menifee*, No. 05 Civ. 2844, 2006 WL 2474872, at *10 (S.D.N.Y. Aug. 22, 2006). The case law on that question is not uniform, however, and "other courts of this [circuit] have held that personal involvement is present where a supervisory official reviews a prisoner's grievance with respect to a constitutional violation and decides against taking any corrective action." *Madision v. Mazzuca*, No. 02 Civ.10299, 2004 WL 3037730, at *10 (S.D.N.Y. Dec. 30, 2004) (collecting cases). *See, e.g.*, *White v. Mitchell*, No. 99-CV-8519, 2001 WL 64756, at *3 (E.D.N.Y. Jan. 18, 2001) (plaintiff's allegations that his grievance made superintendent aware that his medical needs were being ignored, and that superintendent denied the grievance and failed to take steps to provide for plaintiff's treatment were sufficient to plead superintendent's personal involvement in the violation). *See also Williamson v. Goord*, No. 9:02-CV-00521, 2006 WL 1977438, at *22 n. 125 (N.D.N.Y. July 11, 2006) ("recogniz[ing] the conflict in this Circuit between district courts regarding whether a supervisor's denial of a grievance is sufficient to establish that supervisor's personal involvement in an alleged constitutional violation") (citations omitted). In addition, while there is some authority that "in general personal involvement will not be found unless 'the supervisor's response is detailed and

---

[2]On a motion to dismiss pursuant to Rule 12(b)(6), the Court may consider documents that are incorporated into the complaint by reference or attached to it as exhibits. *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152-54 (2d Cir. 2002); *Gilmore v. University of Rochester Strong Memorial Hosp. Div.*, 384 F.Supp.2d 602, 606 n. 2 (W.D.N.Y. 2005).

specific,'" *Brooks v. Chappius*, 450 F.Supp.2d 220, 226 (W.D.N.Y. 2006) (quoting *McKenna v. Wright*, No. 01 Civ. 6571, 2004 WL 102752, at *5 (S.D.N.Y. Jan. 21, 2004), it has also been held that where an inmate's grievance "provides the full contextual background of [the inmate's] medical travails, the fact that [the superintendent] chose not to discuss the facts of [the inmate's] history in his response is irrelevant." *McKenna*, 2004 WL 102752, at *6.

Bearing in mind that this is a motion to dismiss under Rule 12(b)(6), and not a motion for summary judgment under Rule 56, I will deny Conway's motion insofar as it seeks dismissal of plaintiff's claims against him in his personal capacity. Although the allegations concerning Conway may fairly be characterized as thin, I am not prepared to rule as a matter of law that under no set of facts consistent with the allegations of the complaint could plaintiff establish Conway's personal involvement in the alleged constitutional deprivations. As stated, personal involvement can be established upon a showing that a supervisory official became aware of a violation and failed to remedy it. *Colon*, 58 F.3d at 873. While it may be doubtful whether plaintiff can establish such involvement by Conway, "[t]he court's task in ruling on a Rule 12(b)(6) motion ... 'is merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof.'" *Murphy v. Goord*, 445 F.Supp.2d 261, 263 (W.D.N.Y. 2006) (quoting *Ryder Energy Distribution Corp. v. Merrill Lynch Commodities Inc.*, 748 F.2d 774, 779 (2d Cir. 1984)). Under that standard, I find that plaintiff's complaint sets forth sufficient allegations to state a cognizable claim against Conway in his individual capacity. Conway may at some point be able to establish his entitlement to summary judgment, but for now at least plaintiff's claim against him may proceed.

To the extent that plaintiff has sued Conway in his official capacity, however, plaintiff's claim against him is barred by the Eleventh Amendment's grant of immunity to the states and their agencies, unless they consent to suit or waive their immunity. *See Farid v. Smith*, 850 F.2d 917, 920-23 (2d Cir. 1988) (superintendent of correctional facility immune under Eleventh Amendment to the extent sued in his official capacity). New York State has not consented to suit under § 1983. *See Richardson v. New York State DOCS*, 180 F.3d 426, 449 (2d Cir. 1999); *Lovell v. Cayuga Correctional Facility*, No. 02-CV-6640, 2004 WL 2202624, at *5 (W.D.N.Y. Sept. 29, 2004).

In addition, plaintiff's claim against the Attica Medical Department is also barred by Eleventh Amendment immunity, since the Attica Medical Department "itself is a state agency as part of the Department of Correctional Services ... ." *Valentine v. Newton*, No. 9:00-CV-1369, 2002 WL 31309181, at *3 (N.D.N.Y. Aug. 15, 2002) (recommending dismissal of claim against correctional facility medical department on Eleventh Amendment grounds); *see also Roach v. SCI Graterford Med. Dep't*, 398 F.Supp.2d 379, 383-84 (E.D.Pa. 2005) (dismissing claim against state correctional institution's medical department under Eleventh Amendment).[3]

---

[3] Although the motion to dismiss was brought only on behalf of defendant Conway, "[t]he Court may *sua sponte* dismiss a claim on the ground of Eleventh Amendment immunity because it affects subject matter jurisdiction." *McCullough v. Burroughs*, No. 04-CV-3216, 2005 WL 3164248, at *1 n. 3 (E.D.N.Y. Nov. 29, 2005) (*sua sponte* dismissing inmate's claims for damages against DOCS officials in their official capacities) (citing *Atlantic Healthcare Benefits Trust v. Googins*, 2 F.3d 1, 4 (2d Cir. 1993), *cert. denied*, 510 U.S. 1043 (1994)); *see also Bryant v. New York State DOCS Albany*, 146 F.Supp.2d 422, 426 (S.D.N.Y. 2001) ("Although the notice of motion in this case was filed (only) on behalf of DOCS, Plaintiff's suit against Sing Sing [Correctional Facility] must also be dismissed *sua sponte* under the Eleventh Amendment"); 28 U.S.C. § 1915A(b) (directing district courts *sua sponte* to dismiss prisoner claims that "fail[] to state a claim upon which relief may be granted").

**CONCLUSION**

Defendant James Conway's motion to dismiss the complaint (Dkt. #5) is granted in part and denied in part. Plaintiff's claims against Conway in his official capacity are dismissed. In all other respects, the motion is denied.

Plaintiff's claims against the Attica Medical Department are dismissed by the Court *sua sponte*.

Plaintiff's motion for appointment of counsel (Dkt. #9) is denied without prejudice.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       January 5, 2007.